United States Bankruptcy Court
Northern District of Illinois
Eastern Division

| | |
|---|---|
| In re:<br><br>Timothy Juliusson,<br><br>                             Debtor. | Bankruptcy No. 14-bk-18998 |
| 4000 N. Sheridan, Inc., Sonny Domingo,<br>Benjamin Greene, and Peter Malek,<br><br>                            Plaintiffs<br><br>             v.<br><br>Timothy Juliusson,<br><br>                         Defendant. | Chapter 7<br><br>Adversary No. 14-ap-778 |

## MEMORANDUM OPINION ON JULIUSSON'S MOTION TO DISMISS THE AMENDED COMPLAINT

This Adversary Proceeding relates to the bankruptcy case filed by debtor-defendant Timothy Juliusson ("Juliusson") under Chapter 7 of the Bankruptcy Code. Creditor-plaintiff 4000 N. Sheridan, Inc. (d/b/a "The Holiday Club") filed its Complaint (Dkt. 1) on November 10, 2014 seeking judgment that a debt due to it be held nondischargeable under 11 U.S.C. §§ 523(a)(2)(A), (a)(4), (a)(2)(B) and (a)(6). Juliusson moved to dismiss, and when the motion was presented, The Holiday Club was given the choice of addressing the issues raised in the motion to dismiss in an Amended Complaint or in briefing by way of response. The Holiday Club filed its Amended Complaint on January 22, 2015, naming Sonny Domingo, Benjamin Greene, and Peter Malek as additional named plaintiffs (the individuals collectively as the "Purchasers", all of them collectively as the "Plaintiffs"), and otherwise amplifying the allegations. (Dkt. 20.)

Juliusson, while owner and president of The Holiday Club, allegedly failed to pay income tax withholding over to the Internal Revenue Service for The Holiday Club's employees, and accumulated interest and penalties on those missed payments for a total tax liability of $685,127.03. He sold The Holiday Club to the Purchasers with the tax liability undisclosed, and with a representation that all such taxes had been timely paid.

Juliusson has moved to dismiss the Amended Complaint under Rule 12(b)(6), F.R. Civ. P.; Rule 7012 F.R. Bankr. P. Juliusson argues that the Plaintiffs failed to plead

sufficiently Counts II and IV, and that the Purchasers are time barred as to Counts I, III and IV.

For the following reasons, the motion to dismiss will be denied.

## BACKGROUND

On a motion to dismiss under Rule 12(b)(6), all well-pleaded allegations in the complaint are taken as true and all reasonable inferences are drawn in favor of the non-moving party. *Geinosky v. City of Chicago*, 675 F.3d 743, 746 (7th Cir. 2012). Documents attached to a complaint are considered part of the complaint. F.R.C.P. 10(c) [Rule 7010 Fed. R. Bankr. P.]; *Bogie v. Rosenberg*, 705 F.3d 603, 609 (7th Cir. 2013) (citations omitted). The facts regarding the complained of conduct are considered as they are alleged in the Amended Complaint, and are assumed to be true. Since deciding this motion involves the procedural history of the Adversary Proceeding in this court, judicial notice of that history may be taken. F.R. Evid. 201(c); F.R. Bankr. P. 9017; *see In re Salem*, 465 F.3d 767, 771 (7th Cir. 2006).

### FACTS AS ALLEGED IN THE AMENDED COMPLAINT

1. Juliusson used to own stock in 4000 North Sheridan Ave, Inc., a corporation operating a bar on the north side of Chicago called The Holiday Club. (Amended Complaint Exh. A.)

2. Before September 27, 2010, Juliusson was the President and owner of all stock in The Holiday Club. (¶ 9.)

3. On September 27, 2010, Juliusson sold all of his stock in The Holiday Club to the Purchasers. (Exh. A.)

4. In the purchase agreement, Juliusson represented that he had timely filed "true, accurate and complete tax and/or information returns and reports as and when due, and has caused the Company to timely pay any and all withholding, sales, income, FICA, unemployment insurance, use taxes and any other taxes, penalties." (Exh. A ¶ 2.08.)

5. After the purchase, it turned out that The Holiday Club had not timely filed its corporate tax return for the 2008 tax year and therefore owed a tax penalty. The Purchasers

found out about the penalty when the IRS sent a notice demanding payment on November 29, 2010. (¶ 20.)

6.  Starting in September of 2012, The Holiday Club started receiving notices related to Form 941 filings for employee withholding taxes in the years 2002 through 2009. (¶ 23-28.) The total outstanding tax liability on those notices amounted to $685,127.03, including penalties and interest. (¶ 29.) Form 941 is used by employers to report employment taxes, including taxes withheld from employees' paychecks. (Instructions for Form 941 (Rev. January 2015) *available at* www.irs.gov/pub/irs-pdf/i941.pdf.)

7.  In September 2012, Juliusson's attorney directed Plaintiffs to contact John H. Roberts, the individual providing professional tax accounting services to Juliusson. (¶ 34.) Mr. Roberts informed Plaintiff's attorney that Juliusson had executed an admission of liability to the IRS on behalf of The Holiday Club in 2012, (¶ 35.) two years after the sale.

8.  In September 2013, The Holiday Club sued Juliusson in state court, seeking damages for breach of contract, fraud in the inducement, and fraudulent concealment. (¶¶ 41-42.) The state court case is still pending.

## PROCEDURAL HISTORY IN BANKRUPTCY

9.  On May 20, 2014, Juliusson filed a petition for relief under Chapter 7.

10. To date, no motion for relief from the automatic stay has been filed in order for The Holiday Club to resume prosecution of its lawsuit in state court.

11. The Holiday Club moved for an extension of time to file its adversary proceeding objecting to discharge and dischargeability. (Dkt. 30.) A short extension was granted.

12. The Holiday Club has separately filed an adversary proceeding objecting to discharge under § 727, 14-ap-799.

13. In its initial Complaint, The Holiday Club was the only named plaintiff. Defendant Juliusson filed a motion to dismiss on grounds that The Holiday Club was not the injured party, and that the proper parties plaintiff were the Purchasers. (Dkt. 11.)

14. When the motion was presented, The Holiday Club was given the choice of filing an amended complaint or responding by way of briefing. (Dkt. 14.)

15. On January 22, 2015, the Amended Complaint was filed, naming the Purchasers as additional parties plaintiff. Juliusson moved to dismiss the Amended Complaint.

## DISCUSSION

### JURISDICTION AND VENUE

Subject matter jurisdiction lies under 28 U.S.C. § 1334. The district court may refer bankruptcy proceedings to a bankruptcy judge under 28 U.S.C. § 157, and this proceeding is thereby referred here by District Court Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. Venue lies under 28 U.S.C. § 1409. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (I), and (O). It seeks to determine the dischargeability of a debt. Therefore, it "stems from the bankruptcy itself," and may constitutionally be decided by a bankruptcy judge. *Stern v. Marshall*, 131 S.Ct. 2594, 2618 (2011).

### TIMELINESS OF THE PURCHASERS' COMPLAINT UNDER RULE 15 (COUNTS I, III & IV)

After arguing that Purchasers, rather than The Holiday Club, were the right parties to sue, Juliusson now argues that the Purchasers are too late to sue, and that only The Holiday Club filed its suit in time.

Rule 4007(c), F.R. Bankr. P., provides the time limit for objecting to dischargeability of a debt. Motions for extensions of the time to object must be filed before the time has expired. The Holiday Club filed in time under the Rules, but the Purchasers did not. In highly analogous circumstances, a Seventh Circuit panel has ruled that as long as a complaint has been timely filed concerning the specific debt, it does not matter for limitation purposes whether the correct party filed the timely complaint. *In re Meyer*, 120 F.3d 66, 68 (7th Cir. 1997). "The force of Rule 4007(c) therefore should fall first and foremost on whether a complaint was filed against a specific debt, not so much on who makes the complaint." *Id.*

Juliusson argues in his reply that nothing in the Federal Rules of Civil Procedure allows the addition of the individual plaintiffs. Not so:

> Rules 15 and 17 of the Federal Rules of Civil Procedure (made
> applicable by Bankruptcy Rules 7015 and 7017) contemplate allowing
> just this sort of party-substitution. "No action shall be dismissed on the

4

> ground that it is not prosecuted in the name of the real party in
> interest," Rule 17(a) states, "until a reasonable time has been allowed
> after objection for ... substitution of[ ] the real party in interest." And
> under Rules 15(c) and 17(a), a court is to treat the substituted party as
> if it had been the named party all along.

Id. at 68-69.

In *Meyer*, the Seventh Circuit opinion also noted that the debtor had not shown or even argued that it would be prejudiced by the application of Rule 15 in this way. *Id.* at 68. Likewise, Juliusson has not shown or even argued that he would be legally prejudiced by the application of Rule 15. Accordingly, the Purchasers should be treated as if they had been the named parties all along, and Counts I, III, and IV should not be dismissed as untimely.

## DEFALCATION UNDER § 523(a)(4) AND RULE 9 (COUNT II)

In Count II, the Plaintiffs allege that Juliusson committed defalcation while acting in a fiduciary capacity by failing to pay Form 941 withheld taxes to the IRS in violation of § 523(a)(4). § 523(a)(4) provides that a debt for "defalcation while acting in a fiduciary capacity" is not dischargeable. § 523(a)(4) also covers actual fraud, embezzlement, and larceny, but no such allegations are made here. Defalcation has been broadly defined:

> [C]olloquially perhaps the word, 'defalcation,' ordinarily implies some
> moral dereliction, but in this context it may have included innocent
> defaults, so as to include all fiduciaries who for any reason were short
> in their accounts.... Whatever was the original meaning of 'defalcation,'
> it must here have covered other defaults than deliberate malversations,
> else it added nothing to the words, 'fraud or embezzlement.

*Meyer v. Rigdon*, 36 F.3d 1375, 1383 (7th Cir. 1994) (citing *Hanover Bank & Trust Co. v. Herbst*, 93 F.2d 510, 511 (2d Cir. 1937) (Hand, J.)). Indeed, creating a debt by breaching a fiduciary duty may be enough to amount to defalcation. *Id.* (citing *In re Johnson*, 691 F.2d 249 (6th Cir. 1982)). Although defalcation may be broad in scope, the Supreme Court has ruled that defalcation includes an intent requirement. Defalcation is nondischargeable when it is intentional, with actual knowledge, or done with "a substantial and unjustifiable risk" that the conduct will turn out to violate a fiduciary duty. *Bullock v. BankChampaign, N.A.*, 133 S. Ct. 1754, 1759 (2013).

Juliusson admits that he owed a fiduciary duty to The Holiday Club, but argues that Plaintiffs failed to plead with particularity as required by Rule 9(b), F.R. Civ. P.; Rule 7009 F.R. Bankr. P. when Plaintiffs allege that Juliusson "upon information and belief misappropriated these funds." (¶ 74.) "Rule 9(b) applies to 'averments of fraud,' not claims of fraud, so whether the rule applies will depend on the plaintiffs' factual allegations." *Borsellino v. Goldman Sachs Group, Inc.*, 477 F.3d 502, 507 (7th Cir. 2007). Information and belief "can mean as little as 'on rumor.'" *U.S. ex rel. Grenadyor v. Ukrainian Vill. Pharmacy, Inc.*, 772 F.3d 1102, 1108 (7th Cir. 2014).

Breach of fiduciary duty might sound in fraud, but not necessarily. *Methodist Hospitals, Inc. v. FTI Cambio, LLC*, No. 2:11-CV-036, 2011 WL 2610476, at *7 (N.D. Ind. July 1, 2011). Here, Plaintiffs allege that Juliusson failed to account for and pay taxes, (¶ 72.) failed to account for and pay income and payroll tax withholdings due (¶ 73.), and misappropriated the funds that should have been used to pay those obligations (¶ 74.). Only the misappropriation of funds was alleged on information and belief. Misappropriating funds is a form of simple theft, and thus does not sound in fraud. And in any case, Juliusson has admitted the tax debt, so misappropriation could well have taken place. Accordingly, there is no requirement that it be pleaded with the specificity required under Rule 9(b), and those allegations upon information and belief are sufficient.

### SUFFICIENCY OF THE PLEADINGS (COUNT IV)

Juliusson argues that Count IV for nondischargeability for willful and malicious injury under § 523(a)(6) does not sufficiently plead a cause of action because it is a rehash of the other counts, just dressed up in willful and malicious injury clothing.

Rule 8(a)(2) F.R.C.P. [Rule 7008 Fed. R. Bankr.P.] generally requires that the pleader provide "a short and plain statement of the claim showing that the plaintiff is entitled to relief," giving the defendant "fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint need not contain detailed factual allegations, but "the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964–65 (internal quotations omitted). Factual allegations must

6

show that the right to relief is more than speculative and "state a claim to relief that is plausible on its face." *Id.* at 1965, 1974. ). If the complaint contains allegations from which a trier of fact may reasonably infer evidence as to necessary elements of proof available for trial, dismissal is improper. *Sidney S. Arst Co. v. Pipefitters Welfare Educ. Fund*, 25 F.3d 417, 421 (7th Cir. 1994).

Section 523(a)(6) covers intentional torts, but not all intentional torts. *Jendusa-Nicolai v. Larsen*, 677 F.3d 320, 322 (7th Cir. 2012). "Exceptions to discharge are to be construed narrowly, and the subsections of § 523 should not be construed to make others superfluous." *In re Gulevsky*, 362 F.3d 961, 963 (7th Cir. 2004). "Debts resulting from fraud, for example, are covered in different sections of the Bankruptcy Code." *Jendusa-Nicolai*, 677 F.3d at 322. "§ 523(a)(6) cannot make all debts procured by fraud nondischargeable, because that would make superfluous § 523(a)(2), § 523(a)(4), and § 523(a)(11), all of which make different sorts of debts procured by fraud nondischargeable." *Gulevsky* at 964. Accordingly, the Plaintiffs' argument that Juliusson's concealment of his failure to pay taxes is willful and malicious may be proven to be true at trial. But that concealment is the alleged fraud that would be nondischargeable under § 523(a)(4) as alleged in Count I. Likewise, his failure to pay taxes in the first place may be a breach of fiduciary duty, and therefore covered by § 523(a)(4) as alleged in Count III.

Juliusson's alleged admissions of tax liability on behalf of The Holiday Club to the IRS, despite already having sold his corporate stock to the Purchasers two years earlier, is another matter. That may be the intentional tort of disparagement of property, which broadly covers any property interest. Restatement (2d) of Torts § 624; *see McDonald's Corp. v. American Motorists Ins. Co.*, 321 Ill. App. 3d 972, 988 (2d Dist. 2001) (citing Restatement section with approval). A debt is only nondischargeable under § 523(a)(6) when it is "a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury." *Kawaauhau v. Geiger*, 523 U.S. 57, 61-62 (1998). That is, an injury is willful and malicious "is one that the injurer inflicted knowing he had no legal justification and either desiring to inflict the injury or knowing it was highly likely to result from his act." *Jendusa-Nicolai v.*

7

*Larsen*, 677 F.3d 320, 324 (7th Cir. 2012) (Posner, J., synthesizing case law from other circuits).

Here, the possible injury resulting from Juliusson's admissions to the IRS is the impairment of any defenses the corporation may have had to the tax penalties assessed by the IRS. Juliusson likely knew that he had no legal justification or right to make admissions to the IRS on behalf of The Holiday Club after he had sold it. Indeed, he had a likely motivation to increase the possible tax liability owed by The Holiday Club. The more The Holiday Club paid back employment taxes, the less he might owe as the person required prior to the stock sale to collect and pay the tax. IRC § 6672; *see generally Slodov v. U.S.*, 436 U.S. 238 (1978) (describing how § 6672 operates to impose liability on taxes withheld but not paid to the IRS). It is plausible to infer that Juliusson must have known that injury to the corporation was highly likely from his act. Juliusson also argues that any liabilities to the IRS are truly and correctly owed, but on a defendant's motion to dismiss for failure to state a claim, inferences are drawn in favor of Plaintiffs. Therefore, the Plaintiffs have sufficiently pleaded a cause of action under § 523(a)(6), and Count IV should not be dismissed.

## CONCLUSION

For the foregoing reasons, the motion to dismiss will be denied by separate order. That order will also provide Juliusson 14 days to file an Answer to the Amended Complaint.

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge

Dated this 31st day of Mar. 2015